# DOBBINS *v.* LOS ANGELES.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 107. Argued October 11, 12, 1904.—Decided November 14, 1904.

While every intendment is to be made in favor of the lawfulness of the exercise of municipal power making regulations to promote the public health, municipal by-laws and ordinances, and even legislative enactments undertaking to regulate useful business enterprises, are subject to investigation in the courts with a view to determining whether the law or ordinance is a lawful exercise of the police power, or whether, under the guise of enforcing police regulations, there has been an unwarranted and arbitrary interference with constitutional rights to carry on a lawful business, make contracts, or use and enjoy property.

While the right to exercise the police power is a continuing one and a business lawful today may in the future become a menace to the public welfare and be required to yield to the public good, the exercise of the police power is subject to judicial review, and property rights cannot be wrongfully destroyed by arbitrary enactment.

Although an ordinance may be lawful on its face and apparently fair in its terms, yet if it is enforced in such a manner as to work a discrimination against a part of a community for no lawful reason, such exercise of power will be invalidated by the courts. *Yick Wo* v. *Hopkins,* 118 U. S. 356.

A municipal ordinance was adopted in September fixing the limits within which gasworks might be erected. Thereafter a permit was granted for the erection of a plant; in November another ordinance was adopted amending the September ordinance and by which ordinance the territory on which the works were in course of erection and purchased in reliance upon the September ordinance was excluded. There had been

no change in the neighborhood or conditions. *Held* to be void as against the holder of the permit as an arbitrary and discriminatory exercise of the police power which amounted to a taking of property without due process of law and an impairment of property rights protected by the Fourteenth Amendment.

Where property rights will be destroyed unlawful interference by criminal proceedings under a void law or ordinance may be reached and controlled by a court of equity.

THIS is a writ of error to the Supreme Court of the State of California seeking a reversal of the judgment of that court, affirming the judgment of the Superior Court dismissing the complaint of the plaintiff in error against the city of Los Angeles. 139 California, 179.

Plaintiff in error filed a bill of complaint against the city of Los Angeles, seeking an injunction to restrain the enforcement of certain ordinances prohibiting the erection or maintenance of gasworks except within prescribed limits in said city.

The case was decided upon demurrer to the bill. The complaint sets forth in substance: That on August 26, 1901, the city council of Los Angeles adopted an ordinance making it unlawful to erect and maintain gasworks outside of a certain district described in the ordinance and fixing penalties for the violation thereof. While this ordinance was in force the plaintiff in error made a contract with the Valley Gas and Fuel Company for the erection of certain gasworks upon territory to be thereafter designated by her, and on September 28, 1901, purchased lands within the limits of the privileged district as fixed by the ordinance. That on November 22, 1901, upon application to the board of fire commissioners of the city of Los Angeles, that body granted to the plaintiff in error the privilege to erect the gasworks upon the territory aforesaid. Thereupon the plaintiff in error directed the Valley Gas and Fuel Company to proceed with the erection of the works upon the premises so purchased. That the foundations were constructed at a cost of upwards of $2,500. After the foundations had been nearly completed the city council, on November 25,

1901, passed a second ordinance, amending the first ordinance, and thereby so limiting the boundaries of the territory within which the erection of gasworks was permitted in said city as to include the premises of the plaintiff in error within the prohibited territory. The work of constructing the works was continuously prosecuted until the latter part of February, 1902, when the plaintiff in error alleges that the city of Los Angeles, combining and confederating with one James R. C. Burton and other persons unknown, caused certain employés of the company engaged in the erection of said works to be arrested, charged with the violation of the said city ordinance. Other arrests were made on the first and third of March, 1902. On March 3, 1902, the city council passed a third ordinance, amending the ordinance of November 25, 1901, in respect to the description of the district within which gasworks could be erected. On March 6, 1902, the city caused the arrest of certain persons employed by the company in charge of the erection of the works, charged with the violation of the amended city ordinance.

It is averred that the adoption by the city council of the ordinances aforesaid and the attempted enforcement thereof were instigated by officers and agents of the Los Angeles Lighting Company, a corporation engaged in manufacturing and supplying gas in said city, and having a monopoly of said business therein. It is further averred that the action of the municipal authorities complained of was taken for the purpose of protecting the said Los Angeles Lighting Company in the enjoyment of its monopoly. It is also claimed that the territory surrounding the premises of the plaintiff in error, and within which, under the ordinance of August 26, in force when the complainant made her purchase and located and begun the erection of the gasworks it was lawful so to do, and which by the amending ordinances was added to the prohibited territory, was and is a district devoted almost exclusively to manufacturing enterprises. Within its boundaries there is a large amount of vacant and unoccupied land, which is and

will continue to be useless except for the erection of manufacturing establishments; within which were located at that time a soap factory, a wool pulling factory, three wineries,. numerous oil wells in operation, iron foundry, brass foundry, oil refinery; immediately east of said tract railroads and an extensive tannery; immediately north the oil tanks and refinery of the Standard Oil Company. That the works being constructed for the plaintiff in error are to be built upon concrete foundations with a superstructure of non-combustible material, so that there can be no danger from explosion, bursting or leaking. The machinery is to be of the most approved pattern and that there can be no leakage or escape of odors or any interference with the health, comfort or safety of the inhabitants of the city.

The plaintiff in error, relying upon the protection of the Fourteenth Amendment to the Constitution of the United States, prays that the permit granted by the board of fire commissioners be declared to be a valid and subsisting contract between the city of Los Angeles and herself, and that all ordinances passed by the city council in contravention thereof be declared void; that the defendant be enjoined from enforcing said ordinances against the plaintiff, from delaying or interfering with the action of the plaintiff in erecting the said works, from interfering with the maintenance and operation of the same, and for general relief.

*Mr. Lynn Helm* and *Mr. Edward C. Bailey*, with whom *Mr. Henry T. Lee*, *Mr. J. R. Scott* and *Mr. Charles W. Chase* were on the brief, for plaintiff in error:

In passing upon a municipal ordinance, it is necessary to its validity that its provisions should be determined to be reasonable. *Oxanna* v. *Allen*, 90 Alabama, 468; *Tugman* v. *Chicago*, 78 Illinois, 405; *Chicago* v. *Rumpf*, 45 Illinois, 90; *Toledo Railroad* v. *Jacksonville*, 67 Illinois, 37; *Lake View* v. *Tate*, 130 Illinois, 247.

The determination by the legislative body of what is a

proper exercise of the police power is not final nor conclusive, but is subject to the supervision of the courts, and what is a reasonable ordinance is a judicial, and not a legislative, question. *Covington Turnpike Co.* v. *Sandford,* 164 U. S. 578, 592; *Lawton* v. *Steel,* 152 U. S. 153; *Holden* v. *Hardy,* 169 U. S. 366; *In re Smith,* 77 Pac. Rep. 180; *Ex parte Whitwell,* 98 California, 73; *Ex parte Sing Lee,* 96 Colorado, 354; 1 Tiedeman on State and Federal Control, 238; *Jew Ho* v. *Williamson,* 103 Fed. Rep. 10, 17–20; *Weill* v. *Ricord,* 24 N. J. Eq. 169; *Yates* v. *Milwaukee,* 10 Wall. 497; *People* v. *Budd,* 117 N. Y. 1. See *contra, Dobbins* v. *Los Angeles,* 139 California, 179, and *Munn* v. *Illinois,* 94 U. S. 113, distinguished. In *Maxwell* v. *Fulton,* 119 Indiana, 23; *Whittington* v. *Pope,* 1 Har. & J. 236; Cooley's Const. Lim. 6th ed. 247, *et seq.,* distinguished.

The legislature is distinguished from a municipal council in enacting its police provisions and is not subject to review by the courts merely because its laws may be unreasonable.

In determining the validity of an ordinance the objects and purposes sought to be accomplished are always scrutinized by the courts, and in so doing they are not limited to those matters which appear upon the face of the ordinance or of which they may take judicial notice, but may consider all the circumstances in the light of existing conditions. Cases cited under first point and see *Ex parte Patterson,* (Tex.) 58 S. W. Rep. 1011; *People* v. *Armstrong,* 73 Michigan, 288; *Wreford* v. *People,* 14 Michigan, 41, 46; *Cleveland Ry. Co.* v. *City of Connersville,* 147 Indiana, 277; *State* v. *Boardman,* 93 Maine, 73; *Corregan* v. *Gage,* 68 Missouri, 571; *Pieri* v. *The Mayor,* 42 Mississippi, 493; *Town of Kosciusko* v. *Slomberg,* 68 Mississippi, 469; *Crowley* v. *West,* 52 La. Ann. 526.

The motives which actuate a municipal council in the adoption of ordinances are material as showing the objects and purposes for which the ordinances are adopted. *Yick Wo* v. *Hopkins,* 118 U. S. 356; *In re Ho Ah Kow,* Fed. Case No. 6546; *C. B. & Q. Railroad* v. *Chicago,* 116 U. S. 234; Dillon on Mun.

Corp. 4th ed. § 311; *State* v. *Cincinnati Gas Light Coke Co.,* 8 Ohio St. 262.

The ordinance of Los Angeles involved is invalid and not binding upon the plaintiff in error as against her right to conduct a lawful business of erecting gasworks and manufacturing gas for the following reasons: It is in violation of the rights, privileges and immunities of a citizen of carrying on a lawful occupation within that city. The business of erecting or maintaining a gasworks is a lawful occupation. Constitution of the State of California, Art. XI, § 19; *Ex parte Johnson,* 137 California, 115; *People* v. *Stevens,* 62 California, 209.

A municipality has not the power or right to impose additional burdens or terms or conditions to the exercise of rights created by the sovereign authority of the State in its constitution. Restrictions in the exercise of these rights are not regulations and at least impair if they do not deny the exercise of the right. *Summit* v. *N. Y. & N. J. Tel. Co.,* 57 N. J. Eq. 123; *Atlanta* v. *Gate City Gaslight Co.,* 71 Georgia, 106; *Michigan Tel. Co.* v. *Benton Harbor,* 121 Michigan, 512; *Wisconsin Tel. Co.* v. *Oshkosh,* 62 Wisconsin, 32; *Appeal of Pittsburg,* 115 Pa. St. 4; *Millvale* v. *Evergreen Railway Co.,* 131 Pa. St. 1; *Harrisburg City Pass. R. R. Co.* v. *Harrisburg,* 149 Pa. St. 465; *State* v. *Flad,* 23 Mo. App. 185; *Hodges* v. *Telegraph Co.,* 72 Mississippi, 910.

This ordinance is void in that it is unreasonable because it does not describe the district to which gasworks shall be confined by any geographical or natural boundary or by any reasonable designation.

This ordinance is invalid because it is an attempt on the part of the city council to define and make that a nuisance which is not a nuisance *per se.* Gasworks are neither in their erection nor maintenance a nuisance *per se* and it is not within the power of the city council to pass an ordinance making that a nuisance which is not a nuisance *per se,* nor could such a declaration make it a nuisance unless it in fact had that

character. *Yates* v. *Milwaukee,* 10 Wall. 497; *C. R. I. & P. R. R.* v. *Joliet,* 79 Illinois, 39; *Everett* v. *Council Bluffs,* 46 Iowa, 66; *Ex parte Sing Lee,* 96 California, 354; *Los Angeles* v. *Hollywood Cemetery Assn.,* 124 California, 344; *Grossman* v. *Oakland,* 30 Oregon, 478; *Stockton Laundry Case,* 31 Fed. Rep. 680; *In re Hong Wah,* 82 Fed. Rep. 623, 624, 626; *Ex parte Whitall,* 98 California, 73; Wood on Nuisances, § 744

The power granted in the city charter to *abate* nuisances does not give power to *prevent* except in those cases of nuisances *per se,* and those things which only become nuisances because of the method of their operation cannot be prevented and stopped under the power to abate until it has been demonstrated they are nuisances. *Lakeview* v. *Letz,* 44 Illinois, 81, 83.

The ordinance of November 25, 1901, was repealed by the ordinance of March 3, 1902. The ordinances are on the same subject matter. The latter ordinance covers the whole subject matter of the earlier and will repeal the former. 23 Am. & Eng. Ency. of Law, 485.

The later ordinance is invalid for the reason that it is in violation of the vested rights acquired by Mrs. Dobbins, by virtue of her purchase of land within the limits of the district within which it was lawful to erect gasworks by the terms of the earlier ordinance and by virtue of the permit granted to her by the fire commissioners under the existing building and fire ordinances.

The rights acquired by said plaintiff in error were vested rights. *Calder* v. *Bull,* 3 Dall. 394; *Farrington* v. *Tennessee,* 95 U. S. 679; *Steamship Co.* v. *Jolliff,* 2 Wall. 457; *Worth* v. *Cransen,* 98 U. S. 118; *Classen* v. *Chesapeake Guano Co.,* 81 Maryland, 258; *Roberts* v. *Brooks,* 71 Fed. Rep. 914; *Baltimore Trust Co.* v. *Baltimore,* 64 Fed. Rep. 153; *Levis* v. *Newton,* 75 Fed. Rep. 884; *Cleveland City Railroad Co.* v. *Cleveland,* 94 Fed. Rep. 385; *City Railway Company* v. *Citizens' Street Railway Co.,* 166 U. S. 562.

The ordinance of March 3, 1902, is void as depriving the said plaintiff in error of property without due process of law.

*Chicago* v. *Netcher*, 183 Illinois, 104; *C. B. & Q. R. R.* v. *Chicago*, 166 U. S. 234; *Frorer* v. *People*, 141 Illinois, 171; *Ramsey* v. *People*, 142 Illinois, 380; *Braceville Coal Co.* v. *People*, 147 Illinois, 66; Cooley's Const. Lim. 393. Nor is the ordinance within the police power, nor is it a proper police regulation.

The police power has reference to those things which affect the public health, the public safety, the public comfort, or the public morals. *Noel* v. *People*, 187 Illinois, 587; *State* v. *Donaldson*, 41 Minnesota, 74; *Indianapolis* v. *Consumers' Gas Trust Co.*, 140 Indiana, 107; *Barthet* v. *New Orleans*, 24 Fed. Rep. 564; *Buffalo* v. *Chadeayne*, 134 N. Y. 163; *New Orleans Gas Co.* v. *Louisiana Light Co.*, 115 U. S. 650; *Walla Walla* v. *Walla Walla Co.*, 172 U. S. 115.

Distinguished: *Beer Co.* v. *Massachusetts*, 97 U. S. 25; *Fertilizing Co.* v. *Hyde Park*, 97 U. S. 659; *Stone* v. *Mississippi*, 101 U. S. 814; *Slaughter House Cases*, 16 Wall. 36; *Butchers' Union Co.* v. *Crescent City Live Stock Co.*, 111 U. S. 746; *Ex parte Lacey*, 108 California, 326; *Barbier* v. *Connolly*, 113 U. S. 27; *Knoxville* v. *Bird*, 12 Lea, 121; *Davenport* v. *Richmond*, 81 Virginia, 636.

The provisions of sec. 11 of art. XI of the constitution of California is not a grant of the police power. It is simply an extension to counties, cities and towns of the right to exercise powers that are inherent in the legislature as the representative of the people; but it is in no sense an enlargement of that power. *Ex parte Campbell*, 74 California, 20; *Ex parte Roach*, 104 California, 272; *Los Angeles* v. *Hollywood Cemetery Assn.*, 124 California, 344.

A court of equity has power to restrain by injunction a municipality from instituting criminal proceedings when such criminal prosecutions are threatened under color of an invalid ordinance for the purpose of compelling the relinquishment of a property right. *Davis & Farnum Manufacturing Co.* v. *Los Angeles*, 189 U. S. 207; *Central Trust Co.* v. *Citizens' St. Ry. Co.* 80 Fed. Rep. 225; *S. C.*, 82 Fed. Rep. 1; *Reagan* v. *Trust Co.*,

154 U. S. 326; *Southern Express Co.* v. *Mayor,* 116 Fed. Rep. 756; *Lottery Co.* v. *Fitzpatrick,* 3 Woods, 222; *S. C.,* Fed. Cases No. 8541; *Springhead Spinning Co.* v. *Riley,* L. R. 6 Eq. 588; *Osborn* v. *United States Bank,* 3 Wheat. 738; *Wood* v. *Brooklyn,* 14 Barb. 425; *Manhattan Iron Works* v. *French,* 12 Abbott's N. C. 446; *Rushville* v. *Rushville Natural Gas Co.,* 132 Indiana, 575; *Davis* v. *Fasig,* 128 Indiana, 271; *Platte & D. Canal & Milling Co.* v. *Lee, Mayor,* (Colo.) 29 Pac. Rep. 1036; *Smith* v. *Bangs,* 15 Illinois, 399; *Baltimore* v. *Radecke,* 49 Maryland, 218; *Cape May & L. R. Co.* v. *Cape May,* 35 N. J. Eq. 409; *Los Angeles City Water Co.* v. *Los Angeles,* 103 Fed. Rep. 711; *Atlanta* v. *Gate City Gaslight Co.,* 71 Georgia, 196; *Austin* v. *Austin City Cemetery Assn.,* 87 Texas, 330; *Port Mobile* v. *Louisville & N. Railway Co.,* 84 Alabama, 115; *Smyth* v. *Ames,* 169 U. S. 466, 517; *Detroit* v. *Detroit Citizens' Railway Co.,* 184 U. S. 368, 378.

The plaintiff in error, Caroline W. Dobbins, has no remedy against the defendant in error for damages for the wrongful arrest of her employés or for the destruction of her business and property rights. *Steadman* v. *San Francisco,* 63 California, 193; *Chope* v. *Eureka,* 78 California, 508; *Doeg* v. *Cook,* 126 California, 213.

It is not enough that the plaintiff has a remedy at law. It must be as efficient and as prompt in its administration as the remedy in equity. *Boyce* v. *Grundy,* 3 Peters, 377; *Walla Walla City* v. *Walla Walla Water Co.,* 172 U. S. 1, 12; *Insurance Co.* v. *Bailey,* 13 Wall. 616, 621; *Kilbourne* v. *Sunderland,* 130 U. S. 505, 514; *Tyler* v. *Savage,* 143 U. S. 79, 95; 2 Story's Eq. § 928.

Where a law under which a prisoner is held has been declared unconstitutional and where the unreasonableness and oppression of the ordinance is not apparent upon the face thereof, evidence in such cases will be admitted by a court of general jurisdiction upon *habeas corpus* showing existing conditions and for the purpose of determining whether a public offense has been committed. *Ex parte Smith,* 77 Pac.

Rep. 180; *Ex parte Neilson,* 131 U. S. 176; *Ex parte Lang,* 85 U. S. 163; *Ex parte Siebold,* 100 U. S. 176; *In re Coy,* 127 U. S. 731, 758; *Ex parte Mayfield,* 141 U. S. 107; *Yick Wo v. Hopkins,* 118 U. S. 356.

*Mr. W. B. Mathews,* with whom *Mr. Herbert J. Goudge* was on the brief, for defendants in error:

The enactment of the ordinance drawn in question was fully within the police powers of the city. Constitution of California, § 11, Art. XI; Statutes of California, 1869–1870, 815; and 1889, 458; Charter of Los Angeles, §§ 2, 25, 27, 40; *Munn v. Illinois,* 94 U. S. 113; *Westfield G. & M. Co. v. Mendenhall,* 142 Indiana, 538; *New Orleans Gas Co. v. Louisiana L. Co.,* 115 U. S. 650; 2 Tiedeman on Police Powers, 740; *Jamieson v. Indiana Natural G. & Oil Co.,* 28 N. E. Rep. 76; *Lanigan v. N. Y. Gas & L. Co.,* 71 N. Y. 29; *Ex parte Lacy,* 108 California, 326; *Crowley v. Christensen,* 137 U. S. 86.

The allegations of the complaint as to the unreasonableness of this ordinance are not sufficient to sustain a decision against its validity. *Slack v. Jacob,* 8 W. Va. 612; *Harmon v. Lewiston,* 46 Am. St. Rep. 893; *Darnelly v. Cabanns,* 52 Georgia, 212; *Wells v. Mayor,* 43 Georgia, 67; *State v. Schlenker,* 51 L. R. A. 351; *People v. Cipperly,* 4 N. E. Rep. (N. Y.) 108; *In re Wilshire,* 103 Fed. Rep. 620; *Barbier v. Connolly,* 113 U. S. 27.

All rights in contracts and property are held subject to such regulations as may be made from time to time by the State for the protection of public health, comfort and saftey. Cooley Const. Lim. 6th ed. 707; *Mugler v. Kansas,* 123 U. S. 669; *Corporation of Knoxville v. Bird,* 12 B. J. Lea, 121; *City of Salem v. Maynes,* 123 Massachusetts, 372; *Barbier v. Connolly,* 113 U. S. 27; *City of New Orleans v. Stafford,* 21 Am. Rep. 563; 2 Story Const. Lim. § 1954; *Jamieson v. Ind. Natural G. & Oil Co.,* 28 N. E. Rep. 76.

A municipality cannot in any manner barter away, part with or abridge its right to exercise the police powers delegated to it by the State. Cooley Const. Lim. 6th ed. 341;

Russell on Police Powers, 88; *Davenport* v. *Richmond,* 81 Virginia, 636; *Newson* v. *Galveston,* 13 S. W. Rep. 368; *Fertilizing Co.* v. *Hyde Park,* 97 U. S. 659.

The ordinance complained of is not violative of the commerce clause of the Constitution of the United States. *Sherlock* v. *Alling, Admr.,* 93 U. S. 99; *United States* v. *E. C. Knight,* 156 U. S. 1; *Railroad Co.* v. *Husen,* 95 U. S. 465.

The question, whether the state court erred in refusing to consider or decide the claim of plaintiff in error that she was entitled to an injunction against the enforcement of the ordinance complained of by criminal prosecution, does not arise on this appeal.

The motives of a legislative body in enacting a law cannot be inquired into by the courts. *Fletcher* v. *Peck,* 6 Cranch, 87; *Dodge* v. *Wolsey,* 18 How. 371; *United States* v. *Des Moines R. R. Co.,* 142 U. S. 545; *Hing* v. *Crowley,* 113 U. S. 703.

In reviewing a judgment upon a petition for writ of *habeas corpus* discharging the writ and remanding the petitioner, the only question reviewable by this court is the question whether the plaintiff in error has been denied a right in violation of the Constitution, laws or treaties of the United States. *Yick Wo* v. *Hopkins,* 118 U. S. 356; *In re Wright,* 29 Hun, 361; *Ex parte Sternes,* 77 California, 156; *Ex parte McCullough,* 25 California, 97; *Ex parte Grannis,* 51 California, 375; *Powell* v. *Pennsylvania,* 127 U. S. 678; Cooley Const. Lim. 6th ed. 425; *In re Coy,* 127 U. S. 732; *Ex parte Lennon,* 166 U. S. 548; *Andrews* v. *Swartz,* 156 U. S. 272; *Ex parte Belt,* 159 U. S. 95.

A bill in equity will not lie to restrain the enforcement of a municipal ordinance by criminal prosecution upon the mere ground of its alleged invalidity. *In re Sawyer,* 124 U. S. 200; *Fitts* v. *McGhee,* 172 U. S. 528; *Davis and Farnum Mfg. Co.* v. *Los Angeles,* 115 Fed. Rep. 537; *S. C.,* 189 U. S. 207; *Hemsley* v. *Myers,* 45 Fed. Rep. 283; *Wagner* v. *Drake,* 31 Fed. Rep. 849; *Minneapolis Brewing Co.* v. *McGillivray,* 104 Fed. Rep. 272.

MR. JUSTICE DAY, after making the foregoing statement, delivered the opinion of the court.

As this case was decided upon demurrer to the complaint, the allegations thereof must be taken as true. The question presented involves the right of the plaintiff in error to invoke the protection of the Fourteenth Amendment against alleged infraction of her rights by the action of the city council in passing and enforcing the ordinances which prevent the carrying on of the business of making and selling gas to the people of the city.

Before entering upon a consideration of the case it is essential to examine briefly the extent to which constitutional and legislative control have been exercised by authority of the State of California in reference to the erection and maintenance of gasworks in cities. The constitution of the State, section 19, article XI, provides that "In any city where there are no public works owned and controlled by the municipality for supplying the same with water or artificial light, any individual, or any company duly incorporated for such purpose, under and by authority of the laws of this State, shall, under the direction of the superintendent of streets, or other officer in control thereof, and under such general regulations as the municipality may prescribe, for damages and indemnity for damages, have the privilege of using the public streets and thoroughfares thereof, and of laying down pipes and conduits therein, and connections therewith, so far as may be necessary for introducing into and supplying such city and its inhabitants either with gaslight, or other illuminating light, or with fresh water for domestic and all other purposes, upon the condition that the municipal government shall have the right to regulate the charges thereof." By the act of the state legislature of April 4, 1870, Stats. of 1869–1870, 815, it was provided that cities may control the location and construction of works so that they may be erected in suitable localities to give the least discomfiture or annoyance to the public. By the constitution

of the State of California it is provided, art. XII, sec. 11, that any county, city, town or township may make and enforce within its limits all such local, police, sanitary or other regulations as are not in conflict with the general laws. In these provisions may be found a grant of power to the city of Los Angeles to control the location and erection of gasworks within the city limits. In the grant of such control the fact is recognized that while the erection and maintenance of such works is a lawful business pursuit and one essential to the welfare and comfort of the community, its prosecution requires the use of materials of such a character, and such construction and maintenance of the works as not to be dangerous or offensive when carried on within thickly populated parts of the city, and such rights are consequently justly subject to regulation in such manner as to protect the public health and safety. The Supreme Court of California, as may be gathered from its opinion in this case, based its decision upon the proposition that as the exercise of the right to control the location and construction of gasworks is within the power conferred by the legislature upon the city, the act of the municipality in question cannot be reviewed, because so to do would be a substitution of the judgment of the court for that of the council upon a matter left within the exclusive control of the legislative body. To support this conclusion a citation is made from the opinion of this court in the case of *Munn v. Illinois*, 94 U. S. 113, to the effect that the legislature is the exclusive judge of the propriety of police regulation when the matter is within the scope of its power. The observations of Mr. Chief Justice Waite in that connection had reference to the facts of the particular case and were certainly not intended to declare the right of either the legislature or a city council to arbitrarily deprive the citizen of rights protected by the Constitution under the guise of exercising the police powers reserved to the States. It may be admitted that every intenment is to be made in favor of the lawfulness of the exercise of municipal power, making regulations to promote the public health and

safety, and that it is not the province of courts, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations for the protection of local rights and the health and welfare of the people in the community. But notwithstanding this general rule of the law, it is now thoroughly well settled by decisions of this court that municipal by-laws and ordinances, and even legislative enactments undertaking to regulate useful business enterprises, are subject to investigation in the courts with a view to determining whether the law or ordinance is a lawful exercise of the police power, or whether under the guise of enforcing police regulations there has been an unwarranted and arbitrary interference with the constitutional rights to carry on a lawful business, to make contracts, or to use and enjoy property. In *Lawton* v. *Steele*, 152 U. S. 133, 137, Mr. Justice Brown, speaking for the court, said upon this subject:

"To justify the State in thus interposing its authority in behalf of the public, it must appear, first, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and, second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals. The legislature may not, under the guise of protecting the public interests, arbitrarily interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations. In other words, its determination as to what is a proper exercise of its police powers is not final or conclusive, but is subject to the supervision of the courts."

And, again, in *Holden* v. *Hardy*, 169 U. S. 366, 398, the same justice, again speaking for the court, said:

"The question in each case is whether the legislature has adopted the statute in exercise of a reasonable discretion, or whether its action be a mere excuse for an unjust discrimination, or the oppression or spoliation of a particular class."

And in *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, 558, Mr. Justice Harlan, delivering the opinion of the court, said:

"The question of constitutional law to which we have referred [the equal protection of the laws] cannot be disposed of by saying that the statute in question may be referred to what are called the police powers of the State, which, as often stated by this court, were not included in the grants of power to the General Government, and therefore reserved to the States when the Constitution was ordained. But as the Constitution of the United States is the supreme law of the land, anything in the Constitution or statutes of the States to the contrary notwithstanding, a statute of a State, even when avowedly enacted in the exercise of its police powers, must yield to that law. No right granted or secured by the Constitution of the United States can be impaired or destroyed by a state enactment, whatever may be the source from which the power to pass such enactment may have been derived. 'The nullity of any act inconsistent with the Constitution is produced by the declaration that the Constitution is the supreme law.' The State has undoubtedly the power, by appropriate legislation, to protect the public morals, the public health and the public safety, but if, by their necessary operation, its regulations looking to either of those ends amount to a denial to persons within its jurisdiction of the equal protection of the laws, they must be deemed unconstitutional and void. *Gibbons* v. *Ogden*, 9 Wheat. 1, 210; *Sinnot* v. *Davenport*, 22 How. 227, 243; *Missouri, Kansas & Texas Ry.* v. *Haber*, 169 U. S. 613, 626."

This principle was recognized and applied in the Supreme Court of California in a case decided later than the one under consideration. *In re Smith*, decided May 31, 1904, 77 Pac. Rep. 180, in which it was held that a county ordinance making it a misdemeanor to maintain a gasworks within a sparsely settled district was unreasonable and void. In that case the court, after again quoting from *Munn* v. *Illinois*, to the effect that the courts will not interfere with laws which are within the scope of legislative power, well said:

"But, running current with this principle, and to be read with it, is one of equal importance, namely, that when the

police power is exerted to regulate a useful business or occupation, the legislature is not the exclusive judge as to what is a reasonable and just restraint upon the constitutional right of the citizen to pursue any trade, business or vocation, which in itself is recognized as innocent and useful to the community. It is always a judicial question if any particular regulation of such right is a valid exercise of police power, though the power of the courts to declare such regulation invalid will be exercised with the utmost caution, and only where it is clear that the ordinance or law declared void passes the limits of the police powers, and infringes upon rights guaranteed by the constitution."

Applying the principles settled by these decisions to the allegations of the bill, admitted by the demurrer, we think a case is made which called for the protection of the courts against arbitrary interference with the rights of the plaintiff in error. Complying with the terms of the ordinance which was in force when the plaintiff in error was about to begin the erection of the gasworks in controversy, a tract of land was purchased within the district wherein the erection of such works was permitted, a contract was entered into for the construction of the works, a considerable sum of money was expended. It may be admitted as being a correct statement of the law as held by the California Supreme Court that, notwithstanding the grant of the permit, and even after the erection of the works, the city might still, for the protection of the public health and safety, prohibit the further maintenance and continuance of such works, and the prosecution of the business, originally harmless, may become, by reason of the manner of its prosecution or a changed condition of the community, a menace to the public health and safety. In other words, the right to exercise the police power is a continuing one, and a business lawful to-day may in the future, because of the changed situation, the growth of population or other causes, become a menace to the public health and welfare, and be required to yield to the public good. *Fertilizing Co.* v. *Hyde*

*Park,* 97 U. S. 659; *New Orleans Gas Co.* v. *Louisiana Light Co.,* 115 U. S. 650, 672. But the exercise of the police power is subject to judicial review and property rights cannot be wrongfully destroyed by arbitrary enactment. It was averred that the works would be so constructed so as not to interfere with the health or safety of the people. No reasonable explanation for the arbitrary exercise of power in the case is suggested. The narrowing of the limits within which the plaintiff in error, in compliance with the ordinance of the city and the permit of the board of fire commissioners, was proceeding to erect the gasworks, to the smaller and more limited section, was not demanded by the public welfare, and, taking the facts as alleged in the bill, seems rather to have been actuated by a purpose to exclude the plaintiff in error from further prosecution of the enterprise. The limits of the privileged district were fixed late in August. In September the complainant began the construction of the works. In November, without changed conditions or adequate reason, the council by an amended ordinance drew a line embracing a part of the district including the complainant's property, and declared that, too, shall be prohibited territory. This action is strongly corroborative of the allegations of the bill that the purpose was not police regulation in the interest of the public but the destruction of the plaintiff's rights and the building up of another company still within the privileged district after the passage of the amendment. Being the owner of the land and having partially erected the works the plaintiff in error had acquired property rights and was entitled to protection against unconstitutional encroachments which would have the effect to deprive her of her property without due process of law. It is averred in the bill of complaint that the district within which the works were being erected was one given over to manufacturing enterprises, some of which were fully as obnoxious as gasworks possibly could be; that it contained large spaces of unoccupied lands, worthless except for manufacturing purposes, and by clear inference that there was

nothing in the situation which rendered it necessary, in order to protect the city from a noisome and unhealthy business, to decrease the area within which gasworks could lawfully be erected.

It is urged that, where the exercise of legislative or municipal power is clearly within constitutional limits, the courts will not inquire into the motives which may have actuated the legislative body in passing the law or ordinance in question. Whether, when it appears that the facts would authorize the exercise of the power, the courts will restrain its exercise because of alleged wrongful motives inducing the passage of an ordinance is not a question necessary to be determined in this case, but where the facts as to the situation and conditions are such as to establish the exercise of the police power in such manner as to oppress or discriminate against a class or an individual the courts may consider and give weight to such purpose in considering the validity of the ordinance. This court, in the case of *Yick Wo* v. *Hopkins*, 118 U. S. 356, held that although an ordinance might be lawful upon its face and apparently fair in its terms, yet if it was enforced in such a manner as to work a discrimination against a part of the community for no lawful reason, such exercise of power would be invalidated by the courts.

In some of the States, perhaps in most, the right to build and maintain gasworks is derived from the State, but subject to municipal control as to the use of the streets and the prices to be charged to consumers. In Ohio this price is regulated for stated periods. Could it be successfully maintained that after the erection of the works and the fixing of prices for a term of ten years, at the expiration thereof and exercising the right to fix prices for a new term, the council could arbitrarily, and with a view of compelling the sale of the works to the municipality or a rival company, fix the rate at a price below the cost of gas to the producer and at such a rate as to be ruinous to the business? In *State ex rel. The Attorney General* v. *The Cincinnati Gas Light & Coke Co.*, 18 Ohio St. 262, it was

held to be the legislative intention, in empowering city councils to regulate the price of gas, to limit such companies to fair and reasonable prices, and if in the colorable exercise of this power a majority of the members of the council, for a fraudulent purpose, combine to pass an ordinance fixing the price of gas at a rate at which they well know it cannot be manufactured and sold without loss, such an ordinance would impose no obligation on the company. This case was cited with apparent approval by Mr. Justice Matthews in delivering the opinion of this court in *Yick Wo* v. *Hopkins, supra,* and see Dillon Mun. Corp. 4th ed. § 311.

In this case we think the allegations of the bill disclose such character of territory, such sudden and unexplained change of its limits after the plaintiff in error had purchased the property and gone forward with the erection of the works, as to bring it within that class of cases wherein the court may restrain the arbitrary and discriminatory exercise of the police power which amounts to a taking of property without due process of law and an impairment of property rights protected by the Fourteenth Amendment to the Federal Constitution.

It is also urged by the defendants in error that a court of equity will not enjoin prosecution of a criminal case; but, as we have seen, the plaintiff in error in this case had acquired property rights which by the enforcement of the ordinances in question would be destroyed and rendered worthless. If the allegations of the bill be taken as true, she had the right to proceed with the prosecution of the work without interference by the city authorities in the form of arrest and prosecution of those in her employ.

It is well settled that where property rights will be destroyed unlawful interference by criminal proceedings under a void law or ordinance may be reached and controlled by a decree of a court of equity. *Davis & Farnum Mfg. Co.* v. *Los Angeles,* 189 U. S. 207, 218, and cases therein cited.

Upon the whole case, we are of opinion that the demurrer

should have been overruled and the city of Los Angeles put upon its answer.

> *For the reasons herein stated, the judgment of the Supreme Court of California is reversed and the cause remanded to that court for further proceedings not in conflict with this opinion.*