BENSON v. WALKER et al.

(Circuit Court of Appeals, Fourth Circuit. May 4, 1921.)

No. 1843.

Health ⊛23—Prohibition of shows and circuses during epidemic of influenza held valid.

> The action of the board of health and sheriff of a county in passing and enforcing a resolution prohibiting circuses and shows in the county for a period of about three months at a time when Spanish influenza was prevalent in the state, *held* within the police power and valid in the absence of clear proof that it was arbitrary and discriminatory and not taken in good faith.

Appeal from the District Court of the United States for the Western District of North Carolina, at Greensboro; James E. Boyd, Judge.

Suit in Equity by J. M. Benson against Dr. Walter E. Walker and others. From an order vacating a temporary restraining order, complainant appeals. Affirmed.

R. C. Strudwick, of Greensboro, N. C. (J. J. Henderson, of Graham, N. C., on the brief), for appellant.

E. S. Parker, Jr., of Graham, N. C. (F. P. Hobgood, Jr., of Greensboro, N. C., J. Dolph Long, of Graham, N. C., and W. S. Coulter, of Burlington, N. C., on the brief), for appellees.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

WADDILL, District Judge. The appellant, a citizen and resident of the state of Pennsylvania, complainant in the court below, and hereinafter referred to as the complainant, on the 30th day of April, 1920, filed his bill in equity in the District Court of the United States for the Western District of North Carolina, at Greensboro, against the defendants, residents and citizens of the said district, constituting the board of health of Alamance county, and the sheriff of said county, setting out that he was, and had been for some years prior thereto, the owner of a traveling amusement enterprise known as the James M. Benson Shows; his outfit consisting of a menagerie, Ferris wheel, whip, vaudeville shows, singers, dancers, tents, etc., with a membership of about 150 connected with the show and the operating expenses being about $1,200 a day; that having given the show at several places in North Carolina, he secured a suitable location outside of the corporate limits of the towns of Burlington and Graham. and about a mile distant from each place, known as Piedmont Park; that he reached the location in question, and was ready to open business there on the 29th of April, 1920, when to his surprise, upon making application for the proper license, C. D. Story, sheriff of said county, refused to accept his tax, and to issue him license to conduct his show, though tendered the full charge therefor; assigning as the reason for his refusal, that he had been forbidden so to do by the board of health of Alamance county, pursuant to a resolution of that board.

---

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Complainant further charged that the sheriff unlawfully and willfully threatened to imprison him and his agents, if they proceeded with the show, or anything to carry out the same; also that there was nothing in the health conditions of the community which warranted the action of the board of health, and that their obstruction of complainant's business was discriminatory, arbitrary and unlawful; and he thereupon, and because thereof, sought to enjoin the sheriff from interfering with the operation of the show, and to procure a mandatory injunction requiring him to issue the proper license, and accept the license tax upon the same being tendered.

On the presentation of this bill, with affidavits in support thereof, and upon the averment that the complainant would be irreparably injured, the District Court, on the 30th day of April, 1920, the date of the institution of the suit, granted a temporary restraining order, enjoining the defendants, their agents, attorneys, etc., from obstructing or interfering with the complainant in opening and carrying on his exhibition, provided the complainant paid or tendered the required license tax. That subsequently, on the 6th of May, 1920, upon motion to vacate the restraining order and injunction aforesaid, the application being heard upon the record and affidavits filed by the respective parties, the court ordered such restraining order and injunction vacated and annulled. From this latter action of the court, pursuant to section 129 of the Judicial Code 1911 (Comp. St. § 1121), this appeal is taken.

The complainant's assignment of error is that from the pleadings, affidavits, exhibits and evidence produced at the hearing, the action of the defendants in preventing and obstructing him in carrying on his lawful business, was arbitrary, unjust, discriminatory, and in violation of his constitutional rights, and that said action was not had in good faith, to preserve and protect the public health, but under the pretense of so doing, to discriminate against the complainant in carrying on his lawful business, while others engaged in similar pursuits were not interfered with by the defendants.

The resolutions of the board of health complained of, are as follows:

"Be it resolved that, whereas, Alamance county is just recovering from a serious epidemic; and

"Whereas, in other parts of the county, both within and without the state of North Carolina, epidemics of contagious and infectious diseases are very prevalent, and are likely to be spread and contracted by personal contact in dense crowds of people; and

"Whereas, this board is of the opinion that traveling shows, such as circuses, and carnivals, are the means of transmitting and spreading dangerous and infectious diseases, and that their coming into Alamance county from other portions of North Carolina, and from other portions of the country, with their attendant crowds, constitutes a menace to the health of the people of Alamance county in that they tend to spread said contagious and infectious diseases:

"Now, therefore, be it resolved that until August 1st, 1920, all such traveling shows, usually denominated circuses and carnivals, be prohibited from exhibiting in Alamance county."

That the action of the board of health sought to be enjoined and made inoperative was respecting a matter clearly within the police power of the State, and within the peculiar province of the health authorities,

is manifest; that is, the health of the county, and for a cause which the board found and certified would be inimical to the health of the community, viz. the gathering together of large numbers of people from without, and from one community to another within their jurisdiction, would tend to the spread of the Spanish influenza, a disease which at that time, or shortly theretofore, had been epidemic, bringing death and much sickness and disease in the community.

The complainant does not seriously challenge the right of the state, under its police power, to pass reasonable laws to safeguard and protect the public health, in a proper case and in a proper manner, nor does it deny the right of the defendants, acting as a board of health, to exercise their honest, sound discretion as to matters coming within their jurisdiction, or claim for this court the right to attempt to control the honest exercise of such discretion, but insists that he is entitled to relief against the defendant's action, because the same was unreasonable, unjust, capricious, and discriminatory against him, under the guise or pretext of the rightful exercise of their legitimate powers.

Nothing is better settled than that in the consideration of ordinances and laws of the character in question here, every intendment is to be made in favor of the lawfulness of the exercise of municipal power, making regulations to promote the public health and safety. Dobbins v. Los Angeles, 195 U. S. 223, 225, 25 Sup. Ct. 18, 49 L. Ed. 169. It is not for the courts, in the administration of justice, to substitute their judgment for that of the legislative or municipal authority or to interfere with the lawful exercise of the power and authority granted in furtherance of the ends desired, unless those acting have plainly and manifestly exceeded their power and authority to the prejudice of those affected. This is strikingly true in considering rules and regulations coming clearly within the domain and discretion of public health authorities. In the case of Reduction Co. v. Sanitary Works, 199 U. S. 306, 26 Sup. Ct. 100, 50 L. Ed. 204, which involved the disposition of garbage in the city of San Francisco, Mr. Justice Harlan, speaking for the Supreme Court (199 U. S. at pages 318, 319, 26 Sup. Ct. 103, 50 L. Ed. 204), said:

"In determining the validity of the ordinances in question, it may be taken as firmly established in the jurisprudence of this court that the states possess, because they have never surrendered, the power—and therefore municipal bodies, under legislative sanction may exercise the power—to prescribe such regulations as may be reasonable, necessary and appropriate, for the protection of the public health and comfort; and that no person has an absolute right 'to be at all times and in all circumstances wholly freed from restraint'; but 'persons and property are subject to all kinds of restraints and burdens, in order to secure the general comfort, health, and general prosperity of the state'—the public, as represented by its constituted authorities, taking care always that no regulation, although adopted for those ends shall violate rights secured by the fundamental law nor interfere with the enjoyment of individual rights beyond the necessities of the case. Equally well settled is the principle that if a regulation, enacted by competent public authority avowedly for the protection of the public health, has a real, substantial relation to that object, the courts will not strike it down upon grounds merely of public policy or expediency. Railroad Co. v. Husen, 95 U. S. 465, 470, 471; Mugler v. Kansas, 123 U. S. 623, 661; Lawton v. Steele, 152 U. S. 133, 136; Atkin v. Kansas, 191 U. S. 207, 223; Jacobson v. Massachusetts, 197 U. S. 11, 27. In the re-

cent case of Dobbins v. Los Angeles, 195 U. S. 223, 235, this court said that 'every intendment is to be made in favor of the lawfulness of the exercise of municipal power making regulations to promote the public health and safety, and that it is not the province of the courts, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations for the protection of local rights and the health and welfare of the people in the community.' "

As respects the law of this case, nothing need be added to what is said by the Supreme Court. That the board of health, in the passage and carrying out of the resolutions complained of, acted not with the proper motive and intent in the interest of the public health, but arbitrarily, unreasonably, and discriminatorily as against the complainant, involves questions of fact, which should call for the strictest proof on his part, especially in dealing with public officials, charged with the preservation of the health of the community; and this court would be slow to set up its judgment against that of the trial court, who saw and heard the parties litigant, and passed upon the questions of fact involved. We are not called upon to determine whether the original injunction should have been granted or not, but merely whether there was error in vacating and discontinuing the same, and on that question we are entirely in accord with the court below, and approve its order so directing.

The action of the lower court will be accordingly affirmed, with costs. Affirmed.

---
⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes