### BIRKHEISER et al. v. CITY OF LOS ANGELES et al.

No. 725.

District Court, S. D. California, C. D.

Aug. 15, 1935.

Gibson, Dunn & Crutcher, H. F. Prince, Newlin & Ashburn, C. J. Harrison, Bauer, Macdonald, Schultheis & Pettit, and Fred E. Pettit, Jr., all of Los Angeles, Cal., for plaintiffs.

Ray L. Cheseboro, City Atty., of Los Angeles, Cal., Clyde P. Harrell, Jr., John L. Bland, Wm. Christensen, and Victor P. Spero, Deputy City Attys., all of Los Angeles, Cal., for defendants.

Loren A. Butts, of Los Angeles, Cal., amicus curiæ.

McCORMICK, District Judge.

This suit in equity involves the validity of a penal ordinance of the city of Los Angeles that declares unlawful and punishes by fine and imprisonment the delivery of any milk, cream, or buttermilk to any residence or domicile of any person except between the hours of 8 a. m. and 7 p. m. of any day. Deliveries of such dairy products to stores, public eating enterprises, or other places of business, when such products are to be processed, pasteurized, or resold, are in terms exempted from the application of the ordinance. The regulation in suit has been inaccurately characterized as the "daylight milk delivery" ordinance. It has no necessary relation to daylight deliveries. To the contrary, it fixes an arbitrary, unchangeable, perennial period of time for its operation upon such restricted persons and places as are expressly affected by its terms. Its effectiveness is not controlled by the physical factors of light and temperature that are paramount considerations in the regulated delivery of milk from the standpoints of public health or the detection and suppression of pilfering, the two basic features of police power that have been assigned as justifying the regulation that is under attack.

A restraining order that stayed the enforcement of this measure as against complainants was issued by one of the judges of this court, in whose division this case is pending, and the motion to continue such restraint until the case can be regularly tried was assigned to me for hearing and decision.

There is no doubt, under decisions of the Supreme Court, of the power of a city to regulate the delivery of milk in

the general public interest and as a protection of the health, peace, and welfare of its inhabitants. Nebbia v. New York, 291 U. S. 502, 54 S. Ct. 505, 78 L. Ed. 940, 89 A. L. R. 1469. And the exercise of this power is the function of the legislative branch of government. But while the wisdom of the regulation or the will of the legislators should not be controlled by judicial authority, it is nevertheless the plain duty of the court to carefully examine the ordinance from its four corners and in the light of evidence so as to ascertain whether, under the guise of an exercise of lawfully vested power, the municipal legislative body has not unjustifiably invaded private rights of citizens in violation of the Constitution of the United States (Amendment 14). Dobbins v. Los Angeles, 195 U. S. 223, 25 S. Ct. 18, 49 L. Ed. 169.

█ This court is not unmindful of the presumption of constitutionality that attaches to legislative action. But as the Supreme Court said in the recent case of Borden's Farm Products Co. v. Baldwin, 293 U. S. 194, 208, 55 S. Ct. 187, 79 L. Ed. 281, such presumption is that there exist factual conditions supporting the legislation. A municipal law is not to be judicially declared valid merely because it has been enacted by the legislative authorities of a city.

There are no words in the ordinance itself that denote or tend to establish the efficacy, need, advisability, or significance of it as an aid to municipal government or a proper exercise of police power relating to public health, security, or safety within the city. One must consider the extrinsic facts that appear or are presented in order to determine whether it is assailable upon constitutional grounds. The ordinance does expressly differentiate between persons delivering milk to homes and those delivering it to stores or other places of business. This discrimination may be constitutional and based upon reasonable differences respecting those persons in the two groups of activity in the milk industry. But the evidence now before the court is inadequate to justify a finding that all persons in the same class of the milk business have been dealt with alike.

Many affidavits were filed in support of and in opposition to the application for temporary injunction. All have been considered and analyzed. In many respects they irreconcilably conflict upon the crucial judicial questions of the reasonableness and discriminatory aspects of this new field of municipal regulation of a useful and essential major industry.

█ It thus appears from the affidavits that to dissolve the restraining order and to deny a temporary injunction until this suit can be fully heard upon its merits will subject the complainants to heavy financial burdens and irreparable injury in the loss of their customers, and may result in no benefit to the general public interest and welfare. On the other hand, if the temporary injunction is granted upon terms, no damage that is not compensable will be sustained by the city or its officers.

Therefore, when the equities of the respective suitors are weighed and the grave constitutional questions are considered, greater injury is threatened by removing the restraint that now exists than by continuing it temporarily. Under such situations, it is the established rule in equity that the existing conditions should be maintained and final decision upon the constitutionality of the specific ordinance in controversy deferred until all elements pertaining to this important and apparently unique legislation can be considered upon the testimony of witnesses taken orally in open court and subject to cross-examination, in a full and final hearing, when findings and conclusions can be made with precision and security under the equity rule of this court.

I have concluded upon complainants jointly giving and filing a sufficient undertaking in the sum of $50,000 indemnifying the defendants for any increased public expense that may be incurred by reason of additional inspection of the milk industry on account of temporary stay of enforcement of Ordinance No. 75124, a temporary injunction pendente lite will issue identical with the restraining order now in force.