## Commonwealth v. Tuturice

*Frederick B. Smillie*, district attorney, and *Julian W. Bernard*, borough solicitor, for Commonwealth.

*James Herbert Egan*, for defendant.

DANNEHOWER, J., April 26, 1939.—This case is before us upon an appeal from a summary conviction of defendant, a barber, for the violation of an ordinance of

the Borough of Norristown, the title and pertinent provisions of which ordinance are as follows:

"To promote the public health and safety by regulating barber shops and providing for the licensing thereof, and prescribing the days and hours when such shops may be kept open for business, and providing for special permits and fixing license and permit fees and providing penalties for the violation hereof.

"Section I. That from and after the first day of October, A. D. 1938, each barber shop, or place, or establishment where barbering is done within the Borough of Norristown, regardless of whether for revenue, shall be subject to the requirements hereof.

"Section III. The Health Officer of the Borough of Norristown is hereby authorized and directed to issue licenses hereunder for the operation of barber shops, or establishments within the Borough of Norristown, provided written application therefor is made upon forms to be prescribed by the Health Officer, by the owner, operator, or manager of said business; and provided further, that said applicant shall satisfy the Secretary of Health that said shop or establishment complies in all respects with the laws of this Commonwealth regulating barbering; and provided, further, that the license fees herein provided shall be paid in advance.

"Section VI. That it shall be unlawful for any person, firm or corporation to engage in the business of barbering, whether for revenue or not, except according to the following schedule of days and hours, during which hours the occupation of barbering may be engaged in: Monday from eight a.m. to seven p.m., Tuesday from eight a.m. to seven p.m., Wednesday from eight a.m. to seven p.m., Thursday from eight a.m. to twelve noon, Friday from eight a.m. to eight p.m., Saturday from eight a.m. to eight p.m., when such days are not legal holidays. The hours stated herein shall be computed in Eastern Standard Time, except for such portions of the year as the general public may adapt itself to Daylight

Saving Time, during which time said schedule of hours shall be computed according to Eastern Daylight Saving Time.

"Section VII. The Health Officer may, upon application and upon proof that due to some special circumstance the public requires barbering services at times other than those herein permitted, issue special permits effective for a limited time of not more than three (3) consecutive days for the operation of particular shops and may renew said special permit upon further proof of public necessity for a further period of not more than three (3) days upon the payment of a special permit fee of Three Dollars ($3.00) for the first day of said permit and One ($1.00) Dollar for each additional day.

"Section X. This ordinance is hereby declared to be necessary for the preservation of public health and welfare and is passed in accordance with the provisions of the Act of the General Assembly of the Commonwealth of Pennsylvania, approved June 19, 1931, P. L. 589, sec. 15, as amended by the Act approved June 5, 1937, P. L. 1689."

Defendant was convicted of having violated section VI of the above ordinance, in that he kept open for business, after 7:30 p.m., on Wednesday, January 25, 1939, a barber shop which he conducted.

The authority of the Borough of Norristown to prescribe the hours of opening and closing of barber shops is predicated upon the provisions of section 15 of the Act of 1931, as amended by the Acts of May 9, 1935, P. L. 158, and June 5, 1937, supra. The pertinent portion of said section 15 reads as follows:

". . . and any municipality shall have power, by proper ordinances, to fix the days and hours during which barber shops in the said cities may be open for business: Provided, however, That in any such ordinance, provisions shall be made that a designated local health or police official may, upon application of the

proprietor of any barber shop, and upon proof that barber service to the public so requires, issue a permit effective for a limited time for the operation of a particular barber shop, at such times outside of and beyond those fixed in the said ordinances, as is required by temporary public necessity, with the power to renew the said permit upon further proof of public necessity."

Defendant contends that the Act of 1937, supra, empowering municipalities to pass ordinances fixing the opening and closing hours of barber shops is unconstitutional in that: (1) It violates the State and Federal Constitutions; and (2) is an unreasonable exercise of police power. These contentions may be determined together. If the ordinance is a valid and reasonable exercise of the police power of the State, then it does not violate either article I, sec. 1, of the State Constitution or section 1 of the fourteenth amendment of the United States Constitution. If it is not a valid and reasonable exercise of police power, then it violates those sections and is unconstitutional.

It is well established that professions and trades operating directly on the person and thereby directly affecting the health, comfort, and safety of the public may be regulated by the legislature under the police power, which enables the legislature to make all needful rules and regulations for the health, safety, and welfare of the public. The occupation of barber is embraced in this general principle. It is a lawful business, yet it is an occupation, which, because of its intimate relation to the public health, is within that class of trades, professions, or callings which may, under the police power, be regulated by law without depriving a citizen of his natural rights and privileges guaranteed by fundamental law. Those who are engaged therein are subject to reasonable regulations which require barber shops to be operated in a clean and sanitary manner, and by competent and licensed operators, to the end that the public

may be protected against the spread of communicable diseases. What regulations shall be made are largely questions for the legislature to determine, and unless those made are unreasonable and extravagant in their nature and purpose, or arbitrarily interfere with or destroy the property or personal rights of citizens they will be sustained by the courts. The legislature cannot, however, under guise of its police power, impose upon barber shops unreasonable, capricious, or arbitrary regulations having no relation to the public health or welfare.

The object of the act of assembly above referred to and the ordinance in question is to promote the public health and safety, and this is to be attained by an inspection by the health officer at any time. Can it be said that the provision defining hours of opening and closing has any reasonable relation to the inspection to be made by the health officer? The legislature under the police power does not possess the power to enact rules which have no substantial relation to the end to be attained. It cannot unreasonably prevent or limit the practitioner from acquiring the business for which he was licensed. Legislatures do not have power, under guise of police regulation, to arbitrarily invade the personal right or liberty of the individual. Its determination of the extent of its power is not final or conclusive: White's Appeal, 287 Pa. 259. If it pass an act, ostensibly in the exercise of the police power, but which unnecessarily interferes with the personal liberty of the citizen, the courts may examine the act and determine whether it relates to the objects which the exercise of the police power is designed to and does secure: Dobbins v. Los Angeles, 195 U. S. 223.

"Where a statute or ordinance interferes with the use and control of property without rational relation to public safety, health, morals or general welfare, or is a palpable invasion of rights secured by the fundamental law, the enactment cannot be sustained as a legitimate exercise of police power": White's Appeal, supra.

The majority of cases which have considered the validity of ordinances containing provisions requiring barber shops to be closed at certain fixed times on secular days have reached the conclusion that such provisions have no reasonable relation to the public safety, health, morals, or welfare and are an invalid exercise of the police power: McDermott v. City of Seattle et al., 4 Fed. Supp. 855 (1933); Patton v. The City of Bellingham et al., 179 Wash. 566, 38 P.(2d) 364; Ganley v. Claeys et al., 2 Cal.(2d) 266, 40 P.(2d) 817; Eanes et al. v. City of Detroit et al., 279 Mich. 531, 272 N. W. 896; City of Nanticoke v. Stolarski, 26 D. & C. 271; Commonwealth v. Teman, 29 Mun. L. R. 191; Kellerman et al. v. City of Philadelphia et al., 34 D. & C. 264.

In Nardello v. City of Philadelphia, C. P. No. 1, March term, 1936, no. 6418, Judge Parry, in the course of his opinion, said:

"It cannot be disputed that the number of hours a barber shop may be open bears no direct relation to the public health or safety; it cannot affect either of them in any way. Nor in our opinion is any reasonable relation established by the fact that inspection may be necessary to enforce the sanitary regulations. The contention that adequate inspection will be impossible if the shops are open at all hours is manifestly untenable; perhaps adequate inspection may require either a larger force of inspectors or a division of the force. These, however, are mere matters of convenience to the city, do not constitute a standard for determination and afford no basis for an otherwise unwarranted interference with the use and control of the property of the complainants".

We can best close this opinion by quoting from City of Nanticoke v. Stolarski, 26 D. & C. 271, 277, where it is said:

"The regulation is a clear interference with the use and control of property, and we are unable to discover what reasonable relation the provision of the ordinance regulating the time of opening and closing of barber shops

bears to the public safety, health, morals, or general welfare. Obviously the health, safety, and morals of neither barbers nor their patrons are served by this regulation."

And now, April 26, 1939, for the foregoing reasons, section VI of the ordinance of the Borough of Norristown, of September 6, 1938, is hereby declared to be invalid and unenforcible. The appeal of Anthony Tuturice from his conviction thereunder is sustained and defendant is found not guilty and is discharged.