OPINION
By MERRICK, J.
Plaintiff is engaged in the business of selling tickets to places of amusement, and maintains a place-of business separate ' and away from the places of amusement for which the tickets are sold.
Plaintiff was arrested by defendants, November 10, 1942, and a charge lodged against him before • the Municipal Court of Cleveland for violation of an Ordinance of the City of Cleveland which reads as follows:
*546 “Ordinance 2964. It shall be unlawful for one person to sell, or offer for sale, any ticket or tickets of admission to any theatrical or other exhibition to be given within the limits of the City of Cleveland, for a sum exceeding the price of admission advertised for or charged by the owner or manager of such exhibition.”
A penalty is provided upon conviction.
Following plaintiff’s arrest this action was brought on the theory that plaintiff could not be prosecuted under this ordinance as the same was unconstitutional.
The usual method of approach to this question would be by appeal in the event of a conviction in the lower court, but it has been frequently held that injunction will lie to prevent the enforcement of an unconstitutional municipal ordinance. Counsel for the City of Cleveland and the other defendants does not question the right of this Court to dispose of this question on the merits. There is ample law approving the method of injunction sought by the plaintiff in the instant case.
Bernhardt v Kearns, 12 O. N. P. (N. S.) 298;
Keeberle v Akron, 23 O. N. P. (N. S.) 267;
Gustafson v Cleveland, 31 O. L. R. 642;
Pummill v Cincinnati, 21 O. N. P. (N. S.) 406;
Lenhart v Hanna, 14 O. A. 182;
Sorg v Oak Harbor, 20 O. A. 313;
Dobbins v Los Angeles, 195 U. S. 223;
Tyson v Banton, 273 U. S. 418.
It will be noted that the ordinance in question does not attempt to regulate but prohibits the carrying on of the business of selling amusement tickets at a profit.
The City of Cleveland has power to regulate or license trafficking in amusement tickets.
Section 3657 GC, insofar as is pertinent here provides as follows:
“Enumeration of Powers of Municipal Corporations. Peace and Morals. Sec. 3657. Regulation by license * * * trafficking in tickets. * * * To regulate by license or otherwise, the business of trafficking in theatrical tickets, or other tickets of licensed amusements, by parties not acting as agents of those issuing them * * *”
This Court is of the opinion that trafficking in amusement tickets is a legitimate business and that a reasonable charge may be made for the service. However, the public should be protected against excessive and unusual “scalper” prices. This can only be done by regulation or license.
The ordinance complained of affects persons engaged in the selling of theatre tickets at a profit and deprives them of a property right without due process of law and is therefore unconstitutional.
Many cases are cited by the defendants in which reasonable licensing provisions were held constitutional. These cases are not in point. This ordinance prohibits engaging in legitimate business and is unenforceable.
The defendants are enjoined from enforcing the ordinance complained of. Judgment for plaintiff for costs. A decree may be drawn accordingly.