[Civ. No. 14722.   Second Dist., Div. One.   Jan. 18, 1945.]

THE AMERICAN PAINT COMPANY (a Corporation) et al., Appellants, v. GEORGE W. McCUNE, as a Member of the Board of Commissioners of the Department of Health, etc. et al., Respondents.

Paul Vallée and James E. Mahon for Appellants.

Ray L. Chesebro, City Attorney, Donald M. Redwine, Assistant City Attorney, and John L. Bland, Deputy City Attorney, for Respondents.

DORAN, J.—This is an appeal from a judgment of dismissal following the court's action in sustaining defendants' demurrer without leave to amend.

The complaint alleges that plaintiff corporation has owned, maintained and operated a retail paint store in the city of Los Angeles as an incident to the business in which such plaintiff is engaged. The store is located on Santa Monica Boulevard in a two story frame building, the upper floor of which is an apartment or rooming house. Two other stores in the same building operate as a cocktail bar and retail liquor store respectively.

It is further alleged that "Defendants claim and assert the power, by virtue of Section 17704 of the Health and Safety Code of the State of California, to compel plaintiff to cease carrying on said business and paint store at and in the place where it is located, as above set forth, and have threatened and now threaten to compel plaintiffs to cease carrying on said business and paint store by whatever legal action is provided by law in such cases against plaintiffs, unless said plaintiffs immediately cease carrying on said business and paint store at said location at and in the building where it is located, as above set forth, and will enforce said threats unless restrained and enjoined from so doing by this court." Section 17704 of the Health and Safety Code of the State of Cali-

fornia is as follows: "No portion of any apartment house or hotel shall be used as a paint shop, paint store, a gasoline or oil service station or store, or a vulcanizing shop."

It is also alleged that the business of selling paint and conducting a paint store is "useful, innocent and harmless in every way, and that plaintiff's said business and paint store, as it always has been and now is carried on and conducted at said address, is useful, innocent and harmless and in no manner dangerous to person or property." Then follows the allegation that said section 17704 violates article I, sections 13 and 21, and article IV, section 25, of the Constitution of California, in the manner therein particularly set forth. The complaint is extensive and comprehensive in this regard.

It is contended on appeal that the act in question is special and discriminatory; that as applied to paint stores it is unreasonable and arbitrary and not based upon any natural, inherent or intrinsic distinction; that it is in violation of the Fourteenth Amendment to the Constitution of the United States and the due process clause as well.

It should be noted at the outset that the act in question depends for its validity upon a proper exercise of the police power. No authority need be cited in support of the proposition that, with regard to a valid exercise of the police power, the action of the Legislature is not conclusive. In connection with the ultimate determination of such questions a definite responsibility is imposed upon the judicial branch of the government. For example, as pointed out by the Supreme Court (*In re Throop*, 169 Cal. 93, at p. 99 [145 P. 1029]): "The city of South Pasadena in the exercise of the police power vested in it by our state Constitution has the undoubted right to regulate the business of operating a stone crusher within the city limits, but such ordinance must be reasonable and must be for the purpose of protecting the public health, comfort, safety, or welfare. As stated by the Supreme Court of the United States in *Dobbins* v. *Los Angeles,* 195 U. S. 223 [49 L.Ed. 169, 25 S.Ct. 18], 'It may be admitted that every intendment is to be made in favor of the lawfulness of the exercise of municipal power, making regulations to promote the public health and safety and that it is not the province of courts, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations for the protection of local rights and the health and welfare of

the people in the community. But notwithstanding this general rule of the law, it is now thoroughly well settled by decisions of this court that municipal by-laws and ordinances, and even legislative enactments undertaking to regulate useful business enterprises, are subject to investigation in the courts with a view to determining whether the law or ordinance is a lawful exercise of the police power, or whether, under the guise of enforcing police regulations, there has been an unwarranted and arbitrary interference with the constitutional right to carry on a lawful business, to make contracts, or to use and enjoy property.' ''

In the within action, the complaint sufficiently tenders valid issues of fact; manifestly, as to such issues, plaintiffs are entitled to findings. (See *Brock* v. *Superior Court,* 12 Cal. 2d 605 [86 P.2d 805].) Whether a paint store is inherently dangerous and the operation thereof constitutes a self-evident hazard, clearly is not something of which the courts may take judicial notice. Plaintiffs were denied a trial on valid issues of fact. By no other process, in the circumstances, could the validity of the act in question as a proper exercise of the police power, be judicially determined.

For the foregoing reasons the judgment is reversed, with directions to allow defendants a reasonable time within which to answer the complaint herein.

York, P. J., and White, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied March 15, 1945.