## POWER TO ENACT ORDINANCES FOR CONTROL OF EVILS OF RECENT GROWTH.

(Judge Jones of Miami County sitting by designation of Chief Justice Marshal.)

Common Pleas Court of Summit County.

JOHN KOEBERLE v. THE CITY OF AKRON ET AL.

Decided, April 23, 1921.

*Validity of Ordinance—Requiring that Soft Drink Places be Licensed—Courts of Equity will Interfere to Protect Property Rights, When—Innocent Enterprises with Offensive Adjuncts—Judicial Notice May be Taken of Changed Conditions—Quasi Judicial Duties Imposed on Administrative Officers.*

1. Where property rights will be destroyed, unlawful interference by criminal proceedings under a void law or ordinance may be reached and controlled by a court of equity.
2. A business which is innocent *per se* may, by reason of offensive adjuncts arising thereto, become subject to regulation and control by public authority.
3. The courts will take judicial notice of the changed conditions brought about by the adoption of the Eighteenth Amendment to the Constitution of the United States.
4. Under the "Home Rule" amendment to the Constitution of Ohio, and the charter adopted by the city of Akron, the council of said city has the power to enact ordinances to meet evils of recent growth affecting the welfare and good government of the city. And the local authorities being presumed to be familiar with local conditions, the court will not substitute its judgment for legislative discretion, and every intendment will be made in favor of the lawfulness of the exercise of such municipal power.
5. Quasi-judicial duties and administrative functions may be imposed upon administrative officers for the purpose of ascertaining the conditions under which an ordinance becomes effective.
6. The ordinance of the city of Akron providing for the licensing of

what are commonly known as "soft drinks" establishments is a lawful exercise of the police power possessed by said municipality, and such ordinance is a valid and constitutional enactment.

*Anderson, Ormsby & Kennedy* for plaintiff.

*H. M. Hagelbarger,* Director of Law, and *Clarence R. Foust,* Assistant Director, for defendants.

JONES, J.

This is an action brought by the plaintiff against the city of Akron, and its safety-director, and some of its police officers, in which it is sought to enjoin the defendants from interfering with the plaintiff in the conduct of his "soft drink" business in said city, or from arresting or prosecuting him for non-compliance with the ordinance of said city, which prohibits the conduct of such business without a license obtained from the safety director. It is also sought to enjoin the city from enforcing such ordinance against the plaintiff, or any one else engaged in similar business in said city, and that such ordinance be judicially declared unconstitutional, null and void.

The plaintiff avers that he has a large amount of capital invested in his business and a considerable stock of goods on hand, and that he has built up a lucrative trade, which he is in danger of losing if his business is interfered with by the defendants, and that he has no adequate remedy at law if it be destroyed.

To this petition the defendants have interposed a demurrer on two grounds:

1st. That the court has no jurisdiction of the subject matter of the action.

2d. That the petition does not state facts sufficient to show a cause of action.

In support of the first ground it is urged that injunction is not the proper remedy to stay proceedings of a criminal character, or to test the validity of penal ordinances.

That this is the general rule, supported by many authorities, may be readily conceded. But the rule is subject to this important exception, as laid down by the Supreme Court of the United States in *Dobbins* v. *Los Angeles,* 195 U. S., 223.

"Where property rights will be destroyed, unlawful interference by criminal proceedings under a void law or ordinance may be reached and controlled by a court of equity."

Koeberle v. Akron.

The petition alleges sufficient facts as to threatened interference with property rights, and consequent irreparable injury, as will bring the case within the exception, and the demurrer upon this ground is not well taken.

The plaintiff claims that the ordinance is an attempted unwarranted invasion of a right to conduct a business innocent in itself, in no way detrimental to the public peace, health or welfare; not subject to governmental license, or regulation, and concerning which the Legislature possesses no power or license or regulation, and has never attempted to exercise such power, or to delegate it to the municipality; that the attempt of the latter to so control the right to engage in such business is an invasion of plaintiff's rights under the Federal and State Constitutions and the Bill of Rights, and that in addition the municipality has unlawfully attempted to delegate a licensing power to the safety director and to vest him with judicial authority and discretion. It is also averred that the ordinance discriminates against this plaintiff.

The ordinance, which is incorporated in full into the petition, provides that no place shall be operated, conducted or maintained within the city of Akron, where beverages are sold without having first obtained from the director of public safety a license permitting the same, for which a fee of one dollar is to be paid. A license may be refused, under Section 4 of the ordinance, to any person of bad moral character, or who had been convicted of an offense under the laws of the state of Ohio, or any of the ordinances of the city of Akron. There are certain regulations preventing the interior of such places from being screened from view. It is provided that the license may be revoked by the safety director upon violation by the licensee of any of the provisions of this ordinance, or after his conviction of any offense against the state law or ordinances of the city.

There is no averment in the petition that the plaintiff has ever applied for or been refused a license, or that he is not one of that class of persons mentioned in Section 4, as above recited, to whom a license may be refused.

The purpose of the enactment of the ordinance is perfectly apparent. It is intended to bring the "soft drink" business (so called) within the control of the police authorities, and to pre-

vent the engaging in such business by persons of bad moral character, or who have been convicted of violation of law.

The business of dispensing non-intoxicating beverages is innocent enough in itself.

So, for that matter, is the business of conducting a billiard room, or a junk shop, an auctioneering room, or massageing parlor, or a score or more of similar occupations. Yet it was long ago observed that on account of certain adjuncts which sometimes attached themselves to such establishments, it became desirable to subject them to the control of the public authorities, and they were thereby made the subjects of license and regulation.

A few years ago nobody would have thought that there was any occasion to bring a "soft drink" or beverage establishment within the regulation or control of the police authorities. Yet within the last six weeks, to be exact, on March 10th, 1921, the Ohio Legislature enacted a law as to "soft drink" places (by that name) by which, under a severe penalty, they are prohibited from being conducted except so that their interiors shall be in full public view.

A change has occurred in regard to these places. Doubtless the majority of them are as innocent as ever. On the other hand, it is a matter of common notoriety that in many instances they are largely places where illegal traffic in intoxicating liquors is carried on, or at least forms a part of the business, as numerous "raids," arrests and convictions manifest.

Among the citations offered by the counsel for the plaintiff are the cases of: *Sullivan* v. *City of Wellston*, 12 O. C. C. (N. S.), 108, decided in 1909, and *Village of Silverton* v. *Davis*, 10 O. C. C. (N. S.), 60, decided in 1907.

The march of events has proceeded very rapidly since these cases were decided. We have had since that day, the Home Rule amendment to the Ohio Constitution, the adoption of the charter of the city of Akron, the decision of the Supreme Court in *Yee Bow* v. *Cleveland*, 99 O. S., 269, the adoption of the Eighteenth Amendment to the Constitution of the United States, and the enactment of federal and state statutes to effect the enforcement of that amendment.

With the admitted difficulties that surround such enforcement,

and the various devices and ways resorted to and employed to carry on the forbidden traffic, and also with the marked change in the status of the municipalities of the state that has arisen between the dates of the Constitution of 1851 and the amendments of 1912, new conditions have arisen, which has required new legislation and interpretation thereof in accordance with existing conditions.

The court is not obliged to shut its eyes to this state of affairs. "Judicial notice" has been forcibly, if not elegantly described as being, in substance, "What everybody else knows, even the court is given credit for knowing."

There seems no good reason why, especially in the state of affairs that now prevails, "soft drink" places should not be subject to a certain amount of municipal and police regulation and control. Has the municipality, however, the authority to exercise such control and regulation?

Under the "Home Rule" amendment to the Constitution the city of Akron has adopted a charter which provides in the first section, that it may "license and regulate persons, corporations and associations engaged in any business, occupation, profession or trade; may define, prohibit, abate, suppress and prevent all things detrimental to the health, morals, comfort, safety, convenience and welfare of the inhabitants of the city, and all nuisances and causes thereof; may make and enforce local police, sanitary and other regulations; may pass such ordinances as may be expedient for maintaining and promoting the peace, good government and welfare of the city."

It seems to the court that under its charter, if not even under the general police power, the city had the right to enact this ordinance to meet an evil of recent growth.

"Section 3 of Article 18 of the Constitution of Ohio specifically authorizes municipalities to adopt and enforce within their limits such local police regulations as are not in conflict with the general laws." *Oteanberg* v. *Cleveland,* 98 O. S., 282.

"Unless there is a clear and palpable abuse of power, a court will not substitute its judgment for legislative discretion. Local authorities are presumed to be familiar with local conditions, and to know the needs of the community." *Allion* v. *Toledo,* 99 O. S., 416.

The Supreme Court of Ohio has fully recognized that "times have changed and we have changed with them." In a recent decision, *City of Xenia* v. *Schmidt*, to appear in 101 O. S., —, and reported in Ohio Law Bulletin, Vol. 56, No. 12, and Ohio Law Reporter, Vol. 19, No. 2, it was held that:

"A legislative act is presumed in law to be within the constitutional power of the body making it, whether that body be a municipal or a state legislative body."

"The presumption of validity of such legislative enactment can not be overcome, unless it appear that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution."

"Every intendment is to be made in favor of the lawfulness of the exercise of municipal power making regulations to promote the public health and safety, and it is not the province of the courts, except in clear cases, to interfere with the exercise of the power reposed by law in municipal corporations for the protection of local rights, and the health and welfare of the people in the community."

U. S. Supreme Court, December, 1919, in *Sullivan* v. *City of Shreveport*, 251 U. S., 169, 173.

The ordinance does not permit the safety director to discriminate between those applying for licenses. All are on an equal footing, except those of bad moral character, or who have been violators of the law, and all of them may be rejected. To the objection that even this delegates judicial discretion to the director, it seems sufficient to quote from the opinion of our Supreme Court in *Yee Bow* v. *Cleveland*, 99 O. S., 269, 273.

"The constitutional validity of the ordinance is also attacked, for the reason that the same grants to an administrative officer arbitrary legislative and judicial powers. * * * It is now generally held that quasi-judicial duties and administrative functions may be imposed upon administrative officers for the purpose of ascertaining the conditions under which the law or ordinance becomes effective."

The conclusion reached by this court is that the ordinance set out in the petition is valid and constitutional, and that the facts set forth in the petition do not entitle the plaintiff to any of the relief prayed for.

The general demurrer to the petition will therefore be sustained.