### D. J. DUNIGAN, Inc., v. DISTRICT OF COLUMBIA.

#### No. 5143.

Court of Appeals of District of Columbia.
Argued Oct. 7, 1930.
Decided Nov. 3, 1930.

W. B. Guy, F. B. Warder, and S. C. Peelle, all of Washington, D. C., for plaintiff in error.

W. W. Bride, Edward W. Thomas, and V. E. West, all of Washington, D. C., for the District of Columbia.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and WHEAT, Chief Justice of the Supreme Court of the District of Columbia.

MARTIN, Chief Justice.

The plaintiff in error, hereinafter called the defendant, was tried, convicted, and sentenced in the police court, upon an information charging it with violating a certain building regulation alleged to be in force in the District of Columbia. This proceeding in error is brought to review the record in that case.

The Act of Congress of June 14, 1878, 20 Stat. 131, authorizes and directs the Commissioners of the District of Columbia to make and enforce such building regulations for the District as they may deem advisable, and provides that such regulations shall have the same force and effect within the District as if enacted by Congress.

On January 27, 1927, the Commissioners of the District promulgated a certain building regulation for the District reading as follows:

"Section 3, Part Eleven.

"B. A fence, screen, trellis, or fence wall, or structure not forming the enclosing wall of the building, when erected entirely upon the land of the building owner, may not exceed a height of 7 feet above the established street grade, unless the application for permit be accompanied by the written consent of the adjoining owner and be approved by the Commissioners." A penalty was provided for the violation of this regulation.

It appears that in November, 1927, the defendant owned and occupied a certain building lot fronting on Woodland drive, and bordering also upon Cleveland avenue and Thirty-Second street, and that Henry F. Woodard was the owner and occupant of an adjoining lot fronting on Cleveland avenue, and bordering in part on Thirty-Second street, all in the District of Columbia. Both properties were improved by handsome residences, the Woodard property having also a garage building in the rear located near the partition line between the two lots.

It appears that in November, 1927, the defendant applied to the building inspector of the District for permission to construct a wall on its own land, adjacent to the partition line between the lots. The application, however, was not accompanied by the written consent of Mr. Woodard, the adjoining owner. A permit was issued by the inspector, predicated as amended upon a plan which was approved by him, permitting defendant to erect a 13-inch brick wall, 7 feet high, 240 feet long, on its own property in accordance with the application and plans on file, and subject to the building regulations of the District. Work was begun upon the wall, and it was frequently inspected and approved by the building inspector of the District without objection, until on April 20, 1928, when the wall was about 90 per cent. completed. An objection was then filed by Mr. Woodard alleging that portions of the wall as erected exceeded 7 feet in height above the established street grade, and therefore violated the building regulation above quoted.

It appears that the wall as erected extends continuously from Cleveland avenue to Thirty-Second street along two sides of the Woodard lot, forming a right angle in its course at one corner of that lot; that the curb or sidewalk level on Cleveland Avenue at one end of the wall is 5.62 feet lower than the curb or sidewalk level at the other end of the wall; that between these points the ground slopes gradually upward to the highest point which is at the angle at the rear of the Woodard lot, where it rises to a height of 15.32 feet above the sidewalk level of Cleveland avenue and 9.70 feet above the sidewalk level of Thirty-Second street; that the ground on both sides of the wall is approximately level and has the same gradual slope; and that the wall as erected nowhere exceeds a height of 7 feet above the ground, although owing to the slope of the land it rises almost continuously to a height of more than 7 feet above the street level.

Upon receipt of Mr. Woodard's objection, the inspector of buildings of the District notified the defendant to take down and remove all portions of the wall exceeding a height of 7 feet above the established street grade, which would be the greater part of the wall, and upon the defendant's refusal to do so this prosecution was begun, resulting in the conviction of the defendant.

In our opinion the regulation as thus construed and applied is unreasonable, arbitrary, and unjustly discriminatory, and the conviction based upon it should not be sustained. Under such a regulation, for illustration, an

owner of a building lot which is on the same level as the established street grade may be permitted to erect such a wall to a height of 7 feet above its foundation, without first obtaining the written consent of the adjoining lot owner; and, if the lot level be 7 feet or more lower than the established grade of the street, the owner may be permitted to build such a wall to a height of 14 feet or more without first obtaining such consent; but if the level of the owner's lot be 7 feet or more above the established street grade, he cannot secure a permit to build such a wall to any height without first securing the written consent of the adjoining owner. These provisions of the regulation apply similarly to "a fence, screen, trellis, or fence wall, or structure not forming the enclosing wall of the building when erected entirely upon the land of the building owner."

It cannot be believed that it was the intention of the Commissioners of the District that the regulation in question should be so applied. It is stated in the briefs that the regulation was promulgated in order to meet a special case involving a certain "spite fence," and it appears probable from its language that the fence in that case was located at the established street grade. In the present case there is no suggestion of "spite" or malice on the part of the defendant in constructing the wall, and, moreover, it appears from the exhibits that the wall is not unsightly, and inflicts no actual injury upon the adjoining property.

It is settled law that, in order to be valid, building regulations must be reasonable and not arbitrary, and must have a tendency to promote the public health, safety, or general welfare; and, although a regulation may be lawful on its face and apparently fair in its terms, yet if it is enforced in such a manner as to work a discrimination against a part of the community for no lawful reason, such exercise of power will be invalidated by the courts. Yick Wo v. Hopkins, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 220; Dobbins v. Los Angeles, 195 U. S. 223, 25 S. Ct. 18, 49 L. Ed. 169.

We are of the opinion that the present regulation as enforced in this case works a discrimination against lot owners whose lots lie above the street level, and unlawfully tends to invade the property rights of such owners. The judgment of the police court is therefore reversed, and the cause is remanded with directions to dismiss the information.