## CLEVELAND SHOPPING NEWS CO v LORAIN (city) et

Ohio Appeals, 9th Dist, Lorain Co

No 608. Decided Nov 22, 1932

266

Mooney, Hahn, Loeser, Keough & Beam, Cleveland, for plaintiff.

Wesley L. Grills, Lorain, and G. A. Resek, Lorain, for defendants.

FUNK, J.

The questions involved under all four defenses are only two:

First, Can equity intervene, or has plaintiff an adequate remedy at law?

Second, Is the ordinance discriminating as against plaintiff and thus unconstitutional?

First. Does the petition and the evidence show such a property right in plaintiff that equitable jurisdiction will be invoked to protect it and that the legal remedy is wholly inadequate to protect it?

The petition shows that plaintiff is a corporation duly organized and engaged in printing, publishing and circulating what is known as an advertising newspaper; that it makes a business of advertising goods and merchandise for its members and others for compensation and circulates the same by a corps of competent circulators and circulation managers; that it has been engaged in this business since 1921, and has for more than five years been circulating and delivering its papers to the citizens of

Lorain, and that it has an established business for that purpose; and that the duly authorized executive officers of said city have notified plaintiff that it could no longer circulate its paper in said city and have threatened to arrest its circulators for violating said ordinance if plaintiff attempts to have its circulators so to do. The petition otherwise sets forth the corporate organization of the city and the official capacity of its executive officers made parties defendant, together with a copy of the ordinance, and other allegations as to the manner of delivering plaintiff's paper.

The evidence adduced fully sustains the allegations of the petition, and there is little, if any, contention in that respect.

The authorities are clear that a right to conduct a business is property and incident thereto is the right to appeal to the public for patronage; and the petition sufficiently alleges and the evidence shows that plaintiff had an established business operated and conducted with a view to realizing the profits which come from a skillful manner and service in advertising the commodities of its patrons.

50 C.J., "Property," §8, pp. 738 and 739.

9 C.J., "Business," p. 1101 et seq.

207 Pac. 132, Robison v Boise Hotel, etc.

In the absence of a proper police regulation for sanitary purposes for the protection of the health, safety and peace of its citizens, a person, natural or artificial, has, under our form of government, an inalienable right to circulate printed matter advertising his or its wares and merchandise. Quaere: Could a municipality stop such circulation entirely, or only require it to be done in a particular manner?

We are clearly of the opinion that the petition states a cause of action, that its allegations are true, and that the legal remedy of waiting to be arrested is not adequate to effectually protect the property rights of plaintiff. This position we believe to be fully sustained by the following authorities:

Terrance v Thompson, 263 U. S. 197, at p. 214.

Truax v Raich, 239 U. S., 33.

Dobbins v Los Angeles, 195 U. S. 223.

14 R.C.L., "Injunctions," §142, p. 440.

**Morganstern v City of Akron, case No. 827, Summit County (Unreported), decided by this court Dec. 20, 1923.**

Second, Counsel for plaintiff contend that the ordinance is discriminatory as against plaintiff, that it is unreasonable and interferes with and destroys private rights of property, and that it does not impartially promote its purpose—the "preserving and safeguarding the peace, health and safety" of the citizens of Lorain, and is therefore unconstitutional and void.

It will be noted that the ordinance limits the unlawful placing of "any paper * * * circulars or handbills * * * into or upon any porch * * * or vestibule of any private residence or apartment house * * * or into or upon any vehicle" to such only as are "advertising any commodity for sale," leaving it lawful to do so for the purpose of advertising anything else—i.e., shows, theaters, ball games, or political advertising for candidates or for or against any constitutional amendment, etc.

From the evidence in this case it is quite clear that the real purpose of the ordinance is to discriminate against plaintiff, and that to make the unlawfulness of distributing circulars and handbills depend upon what they advertise—that is, discriminating between advertisements for commodities and other lawful enterprises—makes the ordinance fall far short of the end in view, even conceding it might include cleanliness and unsightliness.

We are clearly of the opinion that the ordinance as written is unreasonable, purposely discriminatory in character, and consequently unconstitutional and void.

The same judgment may be entered in this court as was entered in the court below.

PARDEE, PJ, and WASHBURN, J, concur in judgment.