Claude A. MADISON, Ruby A. Madison, Ardelle W. Madison, and Beulah E. Forman

v.

Herbert W. REICHELT, Jesse S. Baggett, Lansdale G. Clagett, Frank J. Lastner, and Preston Perrir, constituting Board of County Commissioners of Prince George's County, Maryland, a body politic and a municipal corporation.

Civ. No. 9796.

United States District Court
D. Maryland,
Civil Division.

Feb. 3, 1958.

Frederick De Joseph, Washington, D. C., and Frederic Orr Louden, Bethesda, Md., for plaintiffs.

William L. Kahler, Hyattsville, Md., Richard W. Case and William B. Somerville, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

This is an action for damages sounding in tort against the named defendants, "constituting the Board of County Commissioners of Prince George's County, Maryland, a body politic and a municipal corporation", alleging that their clerk negligently and carelessly issued to plaintiff property owners a building permit for a restaurant in a residential zone, in reliance upon which plaintiffs substantially completed the building. The defendant Board has moved to dismiss the complaint on the grounds (1) that the issuance of such a permit is a governmental function, (2) that the applicable law required the permit to be issued by the building inspector and not by the clerk, (3) that plaintiffs gained no vested right or privilege under a permit issued in violation of the zoning ordinance, and (4) that plaintiffs had failed to give the written notice to the county required by Art. 57, sec. 18, Ann. Code of Md., 1956 Cum.Supp.

The property in question is located on the Defense Highway in Johnson Heights, within that area of Prince George's County known as the Maryland-Washington Regional District. That district was established by Ch. 992 of the Laws of Maryland, 1943, and embraces designated areas in Prince George's and Montgomery Counties. The district was extended to include plaintiffs' property by Ch. 622 of the Laws of 1953. Sec. 2–Y of the 1943 act provides that no building shall be erected in the district without the issuance of a building permit, and that no such permit shall be given except in conformity with the provisions of the act and of the regulations enacted by the respective District Councils. Sec. 2–P designates the Board of County Commissioners of Prince George's County as the District Council for that portion of the district which lies within that county. Sec. 2–Y further requires that such building permit be approved by the Maryland-National Capital Park and Planning Commission as to zoning and other requirements, and makes the beginning of construction without such permit a misdemeanor. The 1953 act transferred authority to approve the permit from the Commission to the County Commissioners of Prince George's County. Sec. II of the 1943 act provides for the appointment of a building inspector for that portion of the district located in Prince George's County, who has supervision of the construction of all buildings erected in that portion of the district.

Pursuant to authority in the 1943 act, a zoning ordinance was adopted on November 29, 1949, to regulate the use of land and buildings within that portion of the district located in Prince George's County. The district was divided into zones, of which some were designated as R–R Zones (Rural Residential) and others as C–1 Zones (Local Commercial). No Commercial use such as a restaurant is permitted in an R–R Zone. Sec. 31.11 of the Zoning Ordinance provides: "No building or other structure shall be erected, nor shall any existing building or other structure be moved, added to, enlarged, or structurally altered; and no excavation for any building or other structure shall be begun, without the issuance of a building permit therefor by the Building Inspector".

In those portions of Prince George's County not included in the district or otherwise covered by the zoning ordinance, building permits are issued by the Clerk to the County Commissioners.

The following facts appear from the complaint and certain exhibits filed by consent at the hearing. In June, 1956, the plaintiffs through their builder, made application for a building permit for a restaurant on a portion of their property, and the Clerk to the County Commissioners negligently issued such a building permit. Plaintiffs started construction of the restaurant in reliance on this permit. The county building inspectors repeatedly inspected the building as construction progressed and interposed no.

objection thereto. On September 27, 1956, when the construction was substantially completed, except for the installation of plumbing and electrical fixtures, restaurant equipment, ventilation equipment, etc., the chief building inspector for the County Commissioners ordered that work be stopped. Plaintiffs obeyed the order and work has not been resumed.

In the meantime an agent of the County Commissioners had suggested that an application for rezoning to C–1 be filed. The plaintiffs filed a Zoning Amendment Petition with the Maryland-National Capital Park and Planning Commission on August 22, 1956. The Commission forwarded the petition with a recommendation for disapproval to the County Commissioners in their capacity as District Council. In that capacity the County Commissioners held a public hearing on December 12, 1956, and denied the petition. Plaintiffs' damages were discussed, and the County Commissioners stated they would like to help plaintiffs; they investigated the matter further but notified plaintiffs on January 29, 1957, that they could do nothing more.

 Where a municipality is engaged in the performance of a governmental function as an agent of the state, the same principle which protects the state from liability protects the municipality. Mayor and City Council of Baltimore v. State, 173 Md. 267, 271–272, 195 A. 571. The Court of Appeals of Maryland has held that when granting a building permit a municipality is engaged in the discharge of a governmental function. Lipsitz v. Parr, 164 Md. 222, 164 A. 743, dealt with a permit for an ice factory which had been issued by the buildings engineer of Baltimore City in violation of a zoning ordinance. Speaking through Judge Parke, the court said:

"* * * In the issuance of permits pursuant to the ordinance at bar, the municipality was not acting in any proprietary capacity nor in the exercise of its contractual powers, but in the discharge of a governmental function through its public officers of limited authority, and the doctrine of equitable estoppel cannot be here invoked to defeat the municipality in the enforcement of its ordinances because of an error or mistake committed by one of its officers or agents which has been relied on by the third party to his detriment. Every one dealing with the officers and agents of a municipality is charged with knowledge of the nature of their duties and the extent of their powers, and therefore such a person cannot be considered to have been deceived or misled by their acts when done without legal authority." 164 Md. at pages 227–228, 164 A. at page 745.

Plaintiffs contend that the issuance of the permit and their reliance on it estopped the County Commissioners from interfering with their use of the property. Plaintiffs rely on Dobbins v. City of Los Angeles, 195 U.S. 223, 25 S.Ct. 18, 49 L.Ed. 169. In that case a valid permit for the construction of a gas tank had been issued under an ordinance which was amended by a subsequent ordinance during construction to eliminate the land in question from the territory on which such tanks could be built. The Supreme Court held that the allegations of the bill disclosed "such character of territory, such sudden and unexplained change of its limits after the plaintiff in error had purchased the property and gone forward with the erection of the works, as to bring it within that class of cases wherein the court may restrain the arbitrary and discriminatory exercise of the police power which amounts to a taking of property without due process of law and an impairment of property rights protected by the 14th Amendment to the Federal Constitution." 195 U.S. at page 241, 25 S.Ct. at page 22.

 There are no similar facts in the case at bar. The permit in the instant case was issued by a person who had no authority to issue it, for a use prohibited by the law. "It is a funda-

mental principle of law that all persons dealing with the agent of a municipal corporation are bound to ascertain the nature and extent of his authority." Gontrum v. Mayor & City Council of Baltimore, 182 Md. 370, 375, 35 A.2d 128, 130. The invalid permit gave plaintiffs no property or other vested right entitled to protection under the Fourteenth Amendment. Its issuance did not estop the County Commissioners from enforcing the law. "A municipality may be estopped by the act of its officers if done within the scope and in the course of their authority or employment, but estoppel does not arise should the act be in violation of law. Paragraph 31 of the ordinance forbade the officials of the municipality to grant the permit which the plaintiff asked and obtained; and paragraph 41 made it a misdemeanor for the plaintiff to use his premises as a factory to make ice as the invalid permit purported to empower. * * * A permit thus issued without the official power to grant does not, under any principle of estoppel, prevent the permit from being unlawful nor from being denounced by the municipality because of its illegality." Lipsitz v. Parr, 164 Md. at page 227, 164 A. at page 745.

Even if the act of their clerk had estopped the County Commissioners from enforcing the law, that would not make them liable in tort for his negligence in issuing the permit. "A municipal corporation cannot be held liable for the unauthorized acts of its agents although done *officii colore*, without some corporate act of ratification or adoption; and, from considerations of public policy, it seems more reasonable that an individual should occasionally suffer from the mistakes of public agents or officials, than to adopt a rule, which, through improper combinations and collusion, might be turned to the detriment and injury of the public." Gontrum v. City of Baltimore, 182 Md. at page 376, 35 A.2d at page 130.

The motion to dismiss the complaint must therefore be granted. It is not necessary to pass on the question whether the information with respect to damages furnished by plaintiffs to the County Commissioners constituted written notice to the county, as required by Art. 57, sec. 18 of the Maryland Code, or whether the County Commissioners waived such notice.

Motion granted.